UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARENDER SINGH (A-241-730-490),<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-05267 DAD CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Narender Singh (A-241-730-490), a native of India who is proceeding through counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and that petitioner receive a bond hearing.

## I. BACKGROUND

On or about July 16, 2022, petitioner was paroled into the United States under Immigration and Nationality Act ("INA") section 212(d)(5), 8 U.S.C. § 1182(d)(5). (ECF No 5-1 at 3.) On March 1, 2026, petitioner was arrested for violating California Penal Code § 273.5 (infliction of corporal injuries on a spouse), a felony, and California Penal Code § 273A(b) (child

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

abuse without great bodily injury or death), a misdemeanor. (ECF No. 5-2 at 4-5.) On or about June 28, 2026, petitioner was detained by immigration authorities. (ECF No. 1 at 6.) Petitioner has not been provided with a hearing before a neutral decisionmaker to assess danger or flight risk. (Id.) Respondents do not contest petitioner's factual allegations. (See ECF No. 5.)

On July 8, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On July 21, 2026, respondents timely filed an opposition. (ECF No. 5.) Petitioner did not file a reply. (See Docket.) Briefing is complete.

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner raises two claims in the petition. (ECF No. 1 at 10-11.) This Court first addresses petitioner's statutory claim (claim one). Respondents do not argue that petitioner is a flight risk or a danger to the community, and instead argue that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b). (ECF No. 5 at 1.) Respondents cite Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) and Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), in support of their

position that § 1225(b) is applicable here. (Id. at 1.) Respondents also argue that petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress. (Id. at 2.)

Respondents concede that "[t]his case is in the category of immigration habeas cases for which the Court has typically ordered a bond hearing to determine Petitioner's suitability for release from detention pending a final order of removal." (Id. at 1.) Respondents note petitioner is in pre-order detention and "has criminal history." (Id.) Respondents do not, however, assert that petitioner is detained pursuant to Section 1226(c) based on his criminal history. The Court interprets respondents' concession to refer to the large volume of cases in which this district court has repeatedly rejected respondents' new interpretation[2] of Sections 1225 and 1226, finding that the detention or re-detention of a noncitizen without a pre-deprivation bond hearing violates the Immigration and Nationality Act ("INA") and/or violates due process.

After the petition was fully briefed, the Ninth Circuit decided this issue in Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at *3. The majority of courts nationwide agree, rejecting respondents' new interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across

[2] Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).

the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Therefore, respondents' argument that petitioner is an "applicant for admission" subject to § 1225(b) fails and the Court recommends granting the petition as to claim one.

## IV. REMEDY

As relief in his habeas petition, petitioner requests release from custody with appropriate supervision if necessary, or, in the alternative, a bond hearing. (ECF No. 1 at 11-12.) Considering § 1226(a)'s discretionary detention framework, this Court finds that an order directing respondents to provide a bond hearing, rather than immediate release, is the appropriate remedy. See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings); Rodriguez Vazquez v. Bostock, 779 F. Supp. 3d 1239, 1263 (W.D. Wash. Apr. 24, 2025) (explaining "the specific harm [petitioner] alleges—that he is unlawfully barred from receiving a bond hearing on the merits—is remedied by granting his request for a bond hearing under Section 1226(a)[.]"). Courts have chosen a bond hearing as the more appropriate remedy where the noncitizen has a criminal history involving serious crimes. See Lopes Santana v. Marin, No. 1:26-cv-0915 DJC JDP, 2026 WL 746995, at *1 (E.D. Cal. Mar. 17, 2026), findings and recommendations adopted, 2026 WL 853376 (E.D. Cal. Mar. 26, 2026) (recommending a bond hearing where petitioner, detained pursuant to § 1226(a), had pending charges for assault after threatening his ex-wife with a gun); Perez-Paredes v. Warden, No. 1:26-

cv-3356-DC JDP, 2026 WL 1470605, at *1, 4 (E.D. Cal. May 26, 2026), findings and recommendations adopted, 2026 WL 1715025 (E.D. Cal. Jun. 12, 2026) (bond hearing was appropriate remedy for petitioner, detained pursuant to § 1226(a), with criminal convictions for two DUIs and for preventing a victim from testifying, who had also been arrested for crimes including unlawful possession of tear gas, paraphernalia, and appropriation of lost property, possession of a controlled substance, possession of marijuana for sale, willful cruelty to a child, battery against a spouse/ex-spouse, and rape by means of force or fear); Colmenares-Pinto v. Warden, No. 1:26-cv-0812-DAD SCR, 2026 WL 923804, at *1, 4-5 (E.D. Cal. Apr. 6, 2026), findings and recommendation adopted, 2026 WL 1430913 (E.D. Cal. May 21, 2026) (bond hearing was appropriate remedy for person, detained pursuant to § 1226(a), who overstayed visa by over four years then was detained for four months without a bond hearing after pleading guilty to twelve counts of felony smuggling of persons). This Court agrees that a bond hearing is the appropriate remedy.

The Court further concludes that the appropriate burden of proof at this initial bond hearing is on the government to demonstrate that petitioner is a risk of flight or danger to the community. See Garcia Sosa v. Warden of the California City Detention Center, 2026 WL 1430350, at *1 (E.D. Cal. May 21, 2026) ("But when a noncitizen has previously been released following a determination that he is not a flight risk or danger to the community, and then is subsequently re-detained, due process requires a pre-deprivation bond hearing at which the government bears the burden of proving that the noncitizen is a flight risk or danger to the community…"). Respondents' request for a fourteen day period to hold the bond hearing is granted.

## V. PETITIONER'S REMAINING CLAIM

In the petition, petitioner also raises a due process claim (claim two). (ECF No. 1 at 11.) Because the Court recommends granting the petition on the statutory claim (claim one), the Court need not address any additional claim (claim two) raised in the petition. See N.K. v. Noem, 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to

the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release."). Petitioner is entitled to the habeas relief he seeks on the court's ruling as to claim one.

## VI. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted as to claim one.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED on the statutory claim, claim one.
2. Respondents be ordered to provide petitioner Narender Singh (A-241-730-490) a bond hearing within **fourteen days** of the adoption of these findings and recommendations where the government has the burden to demonstrate that he is not a flight risk or danger to the community. If petitioner is granted release on bond, respondents shall return all of petitioner's documents and possessions to petitioner at the time of his release. Petitioner shall be allowed to have his counsel present at the bond hearing.
3. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

///

///

Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 19, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Sing5267.157.imm.bond/2