UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NARENDER SINGH,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-05267-DAD-CSK

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS

(Doc. No. 6)

Petitioner Narender Singh is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 19, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 6.) Specifically, the magistrate judge found that petitioner's detention violates the Immigration and Nationality Act ("INA") because he was re-detained without a pre-deprivation bond hearing and is therefore subject to 8 U.S.C. § 1226(a), not § 1225(b). (*See id.* at 2–4.) Due to petitioner's prior arrest for pending criminal charges, the findings and recommendations concluded that petitioner was entitled to a bond hearing. (*Id.* at 4–5.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto

were to be filed within seven (7) days after service. (*Id.* at 6.) To date, no parties have filed objections and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis to the extent that they conclude that petitioner's detention violates the INA. However, the court declines to adopt the findings and recommendations with respect to the recommended remedy.

Here, respondents have solely argued that petitioner is lawfully detained pursuant to § 1225(b). (Doc. No. 5 at 1–2.) Respondents do not contest that petitioner was paroled into the United States under 8 U.S.C. § 1182(d)(5) on July 16, 2022. (Doc. No. 6 at 1.) In light of petitioner's prior release on parole, petitioner was entitled to notice and a pre-deprivation process prior to his re-detention. *See Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025). As the undersigned and a majority of other district courts have concluded, a pre-deprivation hearing is typically required prior to the re-detention of a previously released detainee. *Singh v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-01973-DAD-CSK, 2026 WL 1328588, at *2–3 (E.D. Cal. May 13, 2026) (collecting cases). Respondents have failed to make any argument as to why they were unable to provide petitioner with the requisite pre-deprivation hearing in this case. (Doc. No. 5 at 1–2.) Accordingly, the court finds that the appropriate remedy is an order requiring petitioner's immediate release. *See Zaitsev v. Warden*, No. 2:26-cv-00454-SPG-AS, 2026 WL 1047942, at *7 (C.D. Cal. Apr. 15, 2026) (finding that a post-detention bond hearing is insufficient to cure a violation of procedural due process arising from detention without a pre-deprivation hearing).

For the reasons explained above,

1. The findings and recommendations issued on August 19, 2026 (Doc. No. 6) are ADOPTED IN PART;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

/////

a. Respondents are ORDERED to immediately release petitioner Narender Singh, A-File No. 241-730-490, from respondents' custody;

b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

3. The Clerk of the Court is directed to serve the California City Correctional Facility with a copy of this order; and

4. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **November 5, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE